**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

**WAYMON JONES, SR.,**

                        **Plaintiff,**               **Case No. 3:12-cv-392**

**vs.**                                             **Judge Thomas M. Rose**

**CAROLYN W. COLVIN,**          **Chief Magistrate Judge Sharon L. Ovington**
**Acting Commissioner of Social Security,**

                      **Defendant**.

---

**ENTRY AND ORDER OVERRULING JONES' OBJECTIONS (Doc. #13)
TO THE CHIEF MAGISTRATE JUDGE'S REPORT AND
RECOMMENDATIONS; ADOPTING THE CHIEF MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATIONS (Doc. #12) IN ITS
ENTIRETY; AFFIRMING THE COMMISSIONER'S DECISION THAT
JONES WAS NOT DISABLED AND TERMINATING THIS CASE**

---

Waymon Jones, Sr. ("Jones") brought this action pursuant to 42 U.S.C. § 405(g) for

judicial review of the decision of the Defendant Commissioner of Social Security (the

"Commissioner") that he is not disabled and, therefore, not entitled to Social Security disability

benefits. On October 28, 2013, Chief United States Magistrate Judge Sharon L. Ovington

entered a Report and Recommendations (doc. #12) recommending that the Commissioner's

decision that Jones was not disabled be affirmed. Jones subsequently filed Objections. (Doc.

#13.) The time has run and the Commissioner has not responded to Jones' Objections. This

matter is, therefore, ripe for decision.

Jones sought financial assistance from the Social Security Administration by applying for

Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits in

1

May of 2008. Jones claimed that he had been disabled since November 5, 2007, due to numerous heart-related problems.

The Commissioner denied Jones' application initially and on reconsideration. Administrative Law Judge ("ALJ") Carol J. Bowen ("Bowen") held a hearing following which she determined that Jones was not disabled. The Appeals Council denied Jones' request for review and ALJ Bowen's decision became the Commissioner's final decision. Jones then appealed to this Court pursuant to 42 U.S.C. § 405(g).

As required by 28 U.S.C. §636(b) and Federal Rules of Civil Procedure Rule 72(b), the District Judge has made a de novo review of the record in this case. Based upon the reasoning and citations of authority set forth in the Chief Magistrate Judge's Report and Recommendations (doc. #12) and in Jones' Objections (doc. #13), as well as upon a thorough de novo review of this Court's file and a thorough review of the applicable law, this Court adopts the aforesaid Report and Recommendations in its entirety and, in so doing affirms the Commissioner's decision that Jones was not disabled.

This Court's function is to determine whether the record as a whole contains substantial evidence to support the ALJ's decision. *Bowen v. Commissioner of Social Security*, 478 F.3d 742, 745-46 (6th Cir. 2007). This Court must also determine whether the ALJ applied the correct legal criteria. *Id.*

Regarding the substantial evidence requirement, the ALJ's findings must be affirmed if they are supported by "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citing *Consolidated Edison Company v. NLRB*, 305 U.S. 197, 229 (1938)); *Landsaw v. Secretary of Health and*

2

*Human Services*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson*, *supra*, at 401; *Ellis v. Schweicker*, 739 F.2d 245, 248 (6th Cir. 1984). Substantial evidence is more than a mere scintilla, but only so much as would be required to prevent a directed verdict (now judgment as a matter of law) against the ALJ/Commissioner if this case were being tried to a jury. *Foster v. Bowen*, 853 F.2d 483, 486 (6th Cir. 1988); *NLRB v. Columbian Enameling and Stamping Company*, 306 U.S. 292, 300 (1939).

The second judicial inquiry - reviewing the ALJ's legal criteria - may result in reversal even if the record contains substantial evidence supporting the ALJ's factual findings. *See Bowen*, 478 F.3d at 746. A reversal based on the ALJ's legal criteria may occur, for example, when the ALJ has failed to follow the Commissioner's "own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746 (citing in part *Wilson v. Commissioner of Social Security*, 378 F.3d 541, 546-47 (6th Cir. 2004)).

In this case, the ALJ applied the correct legal criteria and the record as a whole contains substantial evidence to support the ALJ's decision. WHEREFORE, Jones' Objections to the Chief Magistrate Judge's Report and Recommendations are OVERRULED, and this Court adopts the Report and Recommendations of the Chief United States Magistrate Judge in its entirety. The Commissioner's decision that Jones was not disabled is affirmed. Finally, the captioned cause is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

**DONE** and **ORDERED** in Dayton, Ohio, this Fifteenth Day of November, 2013.

**s/Thomas M. Rose**

_____

JUDGE THOMAS M. ROSE
UNITED STATES DISTRICT COURT

Copies furnished to:

Counsel of Record